# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LARRY EUGENE MURPHY,

        Plaintiff

  v.

C SWAIN, *et al.*,

        Defendants

Case No. 2:18-cv-02192-JAD-NJK

**TRANSFER ORDER**

Pro se plaintiff Larry Eugene Murphy is a federal prisoner incarcerated at FCI Victorville in Adelanto, California. Murphy has submitted a civil rights complaint to this court, in which he sues California defendants for events that he alleges occurred during his incarceration at FCI Victorville.[1] Having reviewed that filing, and because it appears that Murphy has filed this complaint in the wrong court, I transfer this case *sua sponte* to the United States District Court for the Central District of California, Eastern Division.

**Discussion**

Under 28 U.S.C. § 1391(b), a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.[2]

---

[1] ECF No. 1-1 at 2. Murphy has not filed an application to proceed *in forma pauperis* or paid the full filing fee for a civil action.

[2] 28 U.S.C. § 1391(b)(1)-(3).

If a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed may "transfer such case to any district or division in which it could have been brought."[3]

I find that the District of Nevada is not the proper venue for this action because the events occurred in Adelanto, California, and the defendants reside in California. Adelanto, California, is in San Bernardino County and is part of the Central District of California, Eastern Division. So I direct the Clerk of the Court to transfer this action to that court for consideration by that court, and I offer no opinion on the merits of this action or on a potential application to proceed *in forma pauperis*.

I note that, according to the Federal Bureau of Prisons ("BOP") inmate locator, Murphy is no longer in BOP custody as of November 17, 2018. According to Murphy's complaint, he will be moving to a halfway house in Las Vegas, Nevada.[4] However, based on the address of record, Murphy is an inmate in California who is suing California defendants for events that took place in California. And on the face of the complaint, even if Murphy were a citizen of Nevada, his complaint does not appear to satisfy diversity jurisdiction at this time,[5] so it does not appear that he could properly file this action in this court even if he were living in Nevada.

## Conclusion

Accordingly, the Clerk of the Court IS HEREBY ORDERED to **TRANSFER this case to the United States District Court for the Central District of California, Eastern Division,**

---

[3] 28 U.S.C. § 1406(a).

[4] ECF No. 1-1 at 21.

[5] Murphy alleges damages of $39,600, but federal jurisdiction does not kick in for cases with an amount in controversy of $75,000 or less. *See* 28 U.S.C. § 1332(a).

2

**SEND** a courtesy copy of this order to plaintiff at his designated Las Vegas address,[6] **and CLOSE THIS CASE**.

Dated: November 18, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] *See* ECF No. 1-1 at 21, 23.